IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RONALD G. JOHNSON,                    :
                                      :
            Plaintiff,                :
                                      :
                                      :
            v.                        : Civil Action No. 09-299-JJF
                                      :
OFFICER CROCKER and WILMINGTON:
POLICE DEPARTMENT,                    :
                                      :
            Defendants.               :

---

Ronald G. Johnson, Pro se Plaintiff.  Wilmington, Delaware.

---

**MEMORANDUM OPINION**

July 15, 2009
Wilmington, Delaware

Farnan, District Judge

Plaintiff Ronald G. Johnson ("Plaintiff"), a former inmate at the Howard R. Young Correctional Institution filed this civil rights action pursuant to 42 U.S.C. § 1983.  (D.I. 2.)  He appears pro se.  For the reasons discussed below, the Court will grant him leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, will dismiss the claims against Defendant Wilmington Police Department ("the Police Department") as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), and will allow Plaintiff to proceed against Defendant Officer Crocker ("Crocker").

## I.  BACKGROUND

Plaintiff alleges that he was falsely arrested by Crocker, that Crocker falsified his police report to charge Plaintiff with felony aggravated menacing and possession of a deadly weapon, and that Crocker refused to arrest an individual who robbed Plaintiff.  Also named as a defendant is the Police Department.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the Complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1)

2

provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (not published); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will
not do." Id. at 555 (citations omitted). The "[f]actual
allegations must be enough to raise a right to relief above the
speculative level on the assumption that all of the allegations
in the complaint are true (even if doubtful in fact)." Id.
(citations omitted).

Plaintiff is required to make a "showing" rather than a
blanket assertion of an entitlement to relief. Phillips v.
County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).
"[W]ithout some factual allegation in the complaint, a claimant
cannot satisfy the requirement that he or she provide not only
'fair notice,' but also the 'grounds' on which the claim rests."
Id. (citing Twombly, 550 U.S. at 556 n.3). Therefore, "'stating
. . . a claim requires a complaint with enough factual matter
(taken as true) to suggest' the required element." Phillips v.
County of Allegheny, 515 F.3d at 235 (quoting Twombly, 550 U.S.
at 556 n.3). "This 'does not impose a probability requirement at
the pleading stage,' but instead 'simply calls for enough facts
to raise a reasonable expectation that discovery will reveal
evidence of' the necessary element." Id. at 234. Because
Plaintiff proceeds pro se, his pleading is liberally construed
and his Complaint, "however inartfully pleaded, must be held to
less stringent standards than formal pleadings drafted by

4

lawyers." Erickson v. Pardus, 127 S.Ct. at 2200 (citations omitted).

## III. DISCUSSION

The Complaint names the Police Department as a Defendant, but there are no allegations directed against it. A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct . . . so permanent and well settled as to virtually constitute law." Andrews, 895 F.2d at 1480 (citing Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. Board of the County Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

The Complaint does not allege that the Police Department was the "moving force" behind any alleged constitutional violation. Indeed, there are no allegations against the Police Department.

Absent any allegation that a custom or policy directly caused
harm to Plaintiff, his § 1983 claim cannot stand.  The claim
against the Police Department is frivolous and it will be
dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and §
1915A(b)(1).

## IV.  CONCLUSION

For the above reasons, the Plaintiff will be given leave to
proceed in forma pauperis, the claims against the Wilmington
Police Department will be dismissed as frivolous pursuant to 28
U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), and Plaintiff will be
allowed to proceed against Defendant Crocker.

An appropriate Order will be entered.